UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DARLENE S. RYBKA,

       Plaintiff,

v.                                                                                 Case No. 07-11132
                                                                                  Hon. Sean F. Cox


COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____

**ORDER**

This matter is before the Court on Cross Motions for Summary Judgment. For the following reasons, the Court: (1) **ADOPTS** the Report and Recommendation; (2) **DENIES** Plaintiff's Motion for Summary Judgment; and (3) **GRANTS** Defendant's Motion for Summary Judgment.

**I.    BACKGROUND**

This action arises out of the denial of Social Security Disability Insurance benefits to Plaintiff, Darlene Rybka. Plaintiff filed for Social Security Disability benefits on October 6, 2003, alleging an onset date of April 15, 2001. Plaintiff's last date of insured status was March 31, 2003. Her application was denied and Plaintiff appealed and requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held before ALJ Michael Haubner on December 16, 2005. The ALJ denied benefits on February 9, 2006. The Appeals Council declined to review the ALJ's decision and Plaintiff filed an action in this Court on March 15,

1

2007.

Plaintiff alleges she is disabled due to cervical disc disease, cervical radiculopathy, thoracic outlet syndrome, right acromioclavicular joint arthritis, degenerative disc disease, carpal tunnel syndrome, hypothyroidism and depression.

Plaintiff filed a Motion for Summary Judgment on June 19, 2007. She alleges the ALJ erred by failing to adequately address the effects of Plaintiff's alleged pain and effects of her pain medication; and by finding Plaintiff's testimony not entirely credible. In lieu of a response, Defendant filed a Cross Motion for Summary Judgment on August 8, 2007.

On February 26, 2008, Magistrate Judge Steven Pepe issued a Report and Recommendation ("R&R"), recommending that Plaintiff's Motion for Summary Judgment be denied and Defendant's Motion for Summary Judgment be granted. On March 6, 2008, Plaintiff filed objections to the R&R. Defendant was ordered to file an expedited response by March 14, 2008. Defendant failed to file a response.

## II. STANDARD OF REVIEW

In the Social Security context, the district court reviews the decision of the Commissioner to determine whether the decision exceeds statutory authority or is arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990); *Bowen v. Yuckert*, 482 U.S. 137, 145 (1987). This Court must review the ALJ's decision to determine whether it is supported by "substantial evidence." "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Secretary*, 889 F.2d 679, 681 (6th Cir. 1989), *citing Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). It exists when a reasonable mind

could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

This standard presupposes that there is a "zone of choice" within which the ALJ may make a decision without being reversed. *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). In other words, if the Commissioner's determination is supported by substantial evidence, it must stand even if the reviewing court would resolve the issues of fact in dispute differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). The Court must only review the record that was before the ALJ and cannot review the evidence *de novo*, weigh the evidence, or make credibility determinations. *Id.*

### III. ANALYSIS

There are five factors that the Social Security Administration uses to determine eligibility for benefits. Plaintiff has the burden on the first four and must establish that: 1) she is not presently engaged in gainful employment; 2) she suffered from a severe impairment; and 3) the impairment met or was medically equal to an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; or 4) she did not have the "residual functional capacity" ("RFC") to perform past work. *Jones v Comm'r of Soc. Security*, 336 F.3d 469, 474 (6th Cir. 2003).

If the Plaintiff satisfies her burden, the burden shifts to the Commissioner to prove the fifth factor; that there is other work available in the economy that the claimant can perform. 20 C.F.R. §§404.1520(b)-(f). To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Secretary,* 820 F.2d 777, 779 (6th Cir. 1987). This substantial

3

evidence may be in the form of vocational expert testimony, but only if the hypothetical question posed to the expert accurately portrays the claimant's individual physical and mental impairments. *Id.*

### A. ALJ Determination

The ALJ denied Plaintiff benefits at Steps Four and Five. Because the Plaintiff was insured for disability benefits only through March 31, 2003, she had to establish disability prior to that date. The ALJ properly did not consider conditions that arose or worsened after March 31, 2003 in determining whether Plaintiff was disabled. The ALJ found that during the relevant period, Plaintiff retained the RFC to return to her past relevant work as an accounting clerk. Additionally, the ALJ found that Plaintiff had an RFC for a limited range of light work with occasional reaching above shoulder level with the right upper extremity. Based on those limitations, the ALJ found there were significant jobs in the national and regional economy, particularly unskilled sedentary work. The ALJ found Plaintiff's credibility to be poor. He did not fully credit her testimony regarding the extent of her pain.

### B. R&R

The Magistrate recommends denying Plaintiff's Motion for Summary Judgment and granting Defendant's Motion for Summary Judgment.

The Magistrate found the ALJ's credibility determination was supported by substantial evidence. The Magistrate held that the medical evidence was equivocal on whether Plaintiff's subjective claims of pain were credible. Thus, the ALJ's determination was supported. The Magistrate also found that the ALJ did not err in failing to address the effects of Plaintiff's medications. The only medication Plaintiff was taking during the relevant time period was

Darvocet. The Magistrate reasons that while the ALJ should have made findings on the side effects, his failure to do so did not require judicial intervention because there was no medical evidence that Plaintiff complained to her treating physicians of the side effects. The Magistrate also found that the newly created report from Dr. Woodhouse is not sufficient to warrant remand because it does not indicate it is applicable to the relevant time period.

**C.     Plaintiff's Objections**

Plaintiff objects to the Magistrate's finding that the ALJ's decision not to credit her subjective complaints of pain was supported by substantial evidence. Plaintiff asserts there is objective medical evidence that Plaintiff has conditions that would generate the pain Plaintiff complains of. Plaintiff further asserts that her ability to do light housekeeping, whether she followed medical advice about smoking, and her alcohol usage cannot be used to discredit her testimony.

**D.     Analysis**

The issue is essentially whether the ALJ's credibility determination was supported by substantial evidence. The ALJ noted that within the relevant insured period, Plaintiff was post a motor vehicle accident, post two cervical surgeries, and had a history of a frozen right shoulder. [R. at 25]. The ALJ noted that he must consider all of Plaintiff's symptoms, including pain, and the extent to which the alleged symptoms are consistent with the objective medical evidence, in determining Plaintiff's RFC. [R. at 26]. With respect to subjective accounts of pain, the ALJ found "that the claimant's credibility is poor." [R. at 27]. In addition to finding she had a sporadic work history, the ALJ found:

> [S]he did a wide range of daily living activities during the period at issue. For example, she lived with her husband and twin daughters. Her husband worked

5

>full-time, and her daughters were in school. She drove an automatic SUV 3-4 times a week, managed her personal grooming, fed herself, cooked, prepared simple meals once a day, rinsed the dishes twice a day for the dishwasher, did laundry 2 times a week, made the bed everyday, changed the sheets, vacuumed 2 times a week, dusted every other week, and cleaned the sink once every 10 days. She managed the checking account, paid the bills and balanced the account, watched TV for 2 ½ hours and read 1 hour a day, exercised daily for 15-20 minutes (walked on treadmill), did shoulder and arm stretches, ate out once every 3 months, visited friends or family once a month. Her hobby was raising exotic birds, and she spent 1 ½ hours a day caring for them, plus an additional 2 hours a week with the birds for enjoyment. Furthermore, while claimant was pleasant, she was somewhat non-responsive at the hearing. Additionally, she testified that she does not now, nor has she ever drank alcohol, yet the medical evidence of record indicates occasional use. While claimant initially testified she was fully compliant with all treatment and medications, she later admitted continuation of smoking against medical advice. Furthermore, she seemed to exaggerate her symptoms somewhat. For example, she characterized her neck and shoulder pain as being constant at a "10" or a "1 to 10" even though I had defined a "10" as requiring emergency room treatment for pain. Yet, she also admitted that she could not ever recall going to the emergency room for pain during the relevant period ...

[R. at 27-28]. Based on the medical evidence, the vocational expert's testimony, and his credibility assessment, the ALJ found that during the relevant period, Plaintiff could have returned to work as an accounting clerk, or done other unskilled sedentary or light work.

The Magistrate found there was substantial evidence to support the ALJ's credibility determination. Plaintiff objects, and argues that the Magistrate applied the wrong standard. According to Plaintiff, her ability to perform daily activities is not a basis to disqualify her from benefits. Plaintiff also seems to argue that, in her opinion, because the objective medical evidence confirms the existence of conditions that would generate the pain she complains of, the ALJ erred by finding her complaints not credible. Finally, Plaintiff contends the Magistrate erred by "allowing the ALJ to discredit Ms. Rybka's testimony on the basis of following medical advice and alcohol usage." [Obj. at 3].

6

"Where the symptoms and not the underlying condition form the basis of the disability claim, a two-part analysis is used in evaluating complaints of disabling pain." *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 247 (6th Cir. 2007). First, the ALJ asks whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. *Id.* Second, if the ALJ finds such an impairment exists, he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities. *Id.* "Relevant factors for the ALJ to consider in his evaluation of symptoms include the claimant's daily activities; the location, duration, frequency, and intensity of symptoms; factors that precipitate and aggravate symptoms; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; other treatment undertaken to relieve symptoms; other measures taken to relieve symptoms, such as lying on one's back; and any other factors bearing on the limitations of the claimant to perform basic functions." *Id.*

"It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Id.* However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Id.* (citation omitted). Credibility determinations must find support in the record. *Id.* When complaints regarding intensity and persistence of symptoms are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the complaints, based on a consideration of the entire case record. *Id.* "Consistency between a claimant's symptom complaints and other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the

7

opposite effect." *Id.* at 248. Despite claims of full disability, the ALJ may "distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." *Moon v. Sullivan*, 923 F.2d 1175, 1182-1183 (6th Cir. 1990).

In this case, the ALJ discredited Plaintiff's testimony because he found she exaggerated her pain. The ALJ asked Plaintiff to rate her pain level on a scale of 1 to 10, with 1 being mild enough that aspirin was sufficient to make it go away, and 10 being so bad she felt like she had to lie down. [R. at 782]. Plaintiff testified that her neck and shoulder pain were both at a constant 10.[1] [R. at 782]. Despite allegedly being in continuous pain that was so bad she had to lie down, Plaintiff testified that she could not recall going to an emergency room. [R. at 783]. The ALJ found inconsistencies in her testimony and the record evidence because Plaintiff claimed she never drank but the medical records indicated occasional use, and Plaintiff apparently did not fully comply with medical advice as she claimed because she continued to smoke cigarettes.

The ALJ's credibility determination that Plaintiff exaggerated the extent of her pain is supported by substantial evidence. "A decision is supported by substantial evidence where a reasonable mind could find that the evidence is adequate to support the conclusion reached." *Valley v. Commissioner of Social Security*, 427 F.3d 388, 391 (6th Cir. 2005). A reviewing court may not reverse a decision supported by substantial evidence even if it would have arrived at a different conclusion. *Id.* In light of Plaintiff's testimony regarding her daily activities, a reasonable mind could find that Plaintiff exaggerated the extent of her pain when she testified

---

[1]Plaintiff also testified her low back pain was an 8. [R. at 782-783].

that her neck and shoulder pain is constantly at a level that requires her to lie down. Contrary to what Plaintiff argues, Plaintiff is not prevented from collecting disability because she is able to perform basic daily activities. Rather, the extent of her daily activities could reasonably be found to be contradictory to her testimony regarding the severity and persistence of her pain. Further, the ALJ did not totally discount Plaintiff's testimony. Although Dr. Kaufman testified that Plaintiff did not have any right shoulder limitations, the ALJ imposed a limitation of only occasional reaching above shoulder level with the right upper extremity. [R. at 26-27].

Plaintiff objected to the Magistrate's finding that the ALJ's credibility determination was supported by substantial evidence. This Court finds that the ALJ's determination that Plaintiff's testimony regarding the severity and persistence of her pain was exaggerated was supported by substantial evidence. Plaintiff does not assert error in any of the Magistrate's other findings, and they are thus adopted. See 28 U.S.C. § 636(b)(1) and E.D.Mich. LR 72.1(d)(2).

## IV. CONCLUSION

For the foregoing reasons, the Court: (1) **ADOPTS** the Report and Recommendation; (2) **DENIES** Plaintiff's Motion for summary judgment; and (3) **GRANTS** Defendant's Motion for summary judgment.

**IT IS SO ORDERED.**

> S/Sean F. Cox
> **Sean F. Cox**
> **United States District Judge**

**Dated: March 25, 2008**

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLENE S. RYBKA,

    Plaintiff,

v.                                                                      Case No. 07-11132
                                                            Hon. Sean F. Cox

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

## PROOF OF SERVICE

    **I hereby certify that a copy of the foregoing document was served upon counsel of record on March 25, 2008, by electronic and/or ordinary mail.**

                            **S/Jennifer Hernandez**
                            **Case Manager**